IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 2xi PARTNERS, LTD., | § | |
| Plaintiff, | § § § | |
| v. | § § | No. 3:06-CV-843-M |
| AUTONOMY, INC., | § § § | |
| Defendant, | § § | |
| IMAGENET ASSOCIATES, L.L.C., | § § § | |
| Third-Party Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss 2Xi Partners, Ltd.'s Fraud-Based Claims. Defendant maintains that those claims are inadequately pled under Fed. R. of Civ. P. 9(b), warranting their dismissal with prejudice. The Court concludes that technical amendments to the Complaint would cure the alleged deficiencies, so Defendant's Motion to Dismiss with prejudice is therefore **DENIED**. Plaintiff is **ORDERED** to file an Amended Complaint, consistent with the Rule 9(b) requirements set forth below, by **January 8, 2008.**

This first issue raised by Defendant's Motion is whether the Complaint satisfies Rule 9(b), which requires a plaintiff to state with particularity the circumstances constituting fraud. To satisfy Rule 9(b), a plaintiff must plead the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby."[1] Here, the Complaint alleges that Defendant "represented to 2Xi that it could

---

[1] *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997).

provide the services and expertise necessary to integrate its software product into 2Xi's existing system and that it would do so in a timely manner." Further, the Complaint alleges that these representations were fraudulent, because Defendant knew at the time of the representations that it was unable to perform the relevant services. In support of its contention, Plaintiff points to: (1) Defendant's efforts to obtain the requisite expertise after signing the contract, including acquiring another computer company; and (2) Defendant's transfer of half of the total contract price from the services to the software contract, which allegedly evidenced Defendant's belief that it lacked the ability to perform the contract. The Complaint also asserts, "Upon information and belief, Autonomy knew at the time the parties entered the services and software contracts that it could not perform as represented."

These allegations fail to comply with Rule 9(b). The Complaint does not specify the author, time, and place of the allegedly fraudulent representations concerning Defendant's expertise and ability to perform the contracted services. Hence, the Court concludes that the Complaint is inadequately pled.

The next issue is whether these pleading deficiencies warrant dismissing the Complaint with prejudice. Plaintiff's Response to the Motion describes the requisite "who, what, when, where and how" of its fraud claims.[2] Thus, the Court concludes that the technical defects in the Complaint are curable. Accordingly, Defendant's Motion to Dismiss Plaintiff's fraud claims is

---

[2] *Goldstein v. MCI Worldcom*, 340 F.3d 238, 245 (5th Cir. 2003).

**DENIED**, and Plaintiff is **ORDERED** to file an Amended Complaint, consistent with the Rule 9(b) requirements set forth above, by **January 8, 2008.**

Defendant's Motion also urges dismissal of Plaintiff's claim for exemplary damages, which Plaintiff solely ties to its fraud claims. In support of dismissal, Defendant reiterates the pleading deficiencies in Plaintiff's fraud claims. Given the disposition of Defendant's Rule 9(b) Motion, dismissal of the exemplary damages claim is inappropriate at this juncture. Accordingly, the Motion to Dismiss Plaintiff's exemplary damages claim is **DENIED**, without prejudice to reurging after filing of the Amended Complaint.

**SO ORDERED**.

December 11, 2007.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**